UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-10517-RGS

VICOR CORP.

v.

VIGILANT INSURANCE CO., FEDERAL INSURANCE CO., and
CONTINENTAL CASUALTY CO.

MEMORANDUM AND ORDER ON
VIGILANT INSURANCE CO. AND FEDERAL INSURANCE CO.'S MOTION
FOR SUMMARY JUDGMENT
REGARDING THE DUTY TO DEFEND

September 28, 2012

STEARNS, D.J.

This dispute over insurance coverage was tried to a jury, then appealed to the

First Circuit, which vacated the verdict because of an instructional error regarding the

appropriate measure of damages the jury was to apply.  The First Circuit also vacated

a post-verdict decision by the trial court refusing to award the full amount of attorneys'

fees requested by plaintiff-insured Vicor Corp., and further discharging defendant-

insurers Vigilant Insurance Co. and Federal Insurance Co. from any further obligation

to reimburse the costs incurred in defending the underlying litigation.  On this latter

issue, the First Circuit concluded that Vicor's argument – that the district court failed

to explain how it arrived at the fee award sufficiently to allow evaluation on appeal –

carried the day.  *Vicor Corp. v. Vigilant Ins. Co.*, 674 F.3d 1, 20-21 (1st Cir. 2012).

On remand from the Court of Appeals, the case was transferred to this session for

further proceedings.  For present purposes, the only motion before the court is the one

brought by the defendant-insurers seeking confirmation of the discharge of their

obligations under the duty to defend.

## BACKGROUND

The history of this case thus far is detailed in *Vicor Corp., supra* , and only the

facts relevant to the resolution of this motion need be recited.  Vicor manufactures

power converters, which were incorporated in Ericsson Wireless Communications

Inc.'s radio base stations.  A 2003 failure of Vicor's converters caused severe outages

in two of Ericsson's customer wireless networks.  In 2004, Ericsson sued Vicor in

California state court in San Diego, claiming approximately $1.1 billion in damages.[1]

Vicor turned to its primary insurers, Vigilant and Federal, to provide a defense under

the insurers' policies.  After some initial dispute over the extent of Vicor's coverage,

Vigilant and Federal agreed to provide a defense under a reservation of rights.  Vigilant

and Federal offered to engage a San Diego-based counsel to represent Vicor, but Vicor

---

[1] Ericsson alleged breach of contract, breach of express warranty, breach of implied warranty of fitness, breach of implied warranty of merchantability, negligent design and manufacturing, strict liability, fraud by concealment, fraud by misrepresentation, negligent misrepresentation, and unfair competition.

declined, and chose instead to be represented by its long-time outside counsel, the Worcester, Massachusetts-based firm of Mirick O'Connell.  Vicor also hired the Los Angeles-based firm of Paul Hastings to act as local counsel.

In the three years of the Ericsson litigation, 14 Mirick attorneys (3 partners and 11 associates) and 7 paralegals performed legal work on Vicor's behalf.  Additionally, Paul Hastings contributed the work of 8 attorneys (3 partners and 5 associates), as well as that of 11 paralegals.  The lead Mirick partner, William S. Rogers, billed his time at $325/hour, while other Mirick partners billed at $260/hour.  The hourly rates of Mirick associates ranged from $160/hour to $240/hour.  Partners from Paul Hastings billed at hourly rates from $525/hour to $690/hour, with Paul Hastings associates clocking in at between $275/hour and $505/hour.  In total, Vicor's defense counsel racked up more than 26,400 hours of billed time, with Mirick contributing the bulk of the total, 22,262.55 hours.  The final bill totaled $7,428,670.46.  Vigilant and Federal reimbursed Vicor at a "blended rate" of $250/hour for attorney time and $75/hour for paralegal time for all hours billed, and paid out a sum of $5,234,430.57 in legal fees to reimburse the costs of Vicor's defense.[2]

In January of 2007, the California court approved the settlement between

---

[2] The appropriateness of the number of hours billed is not disputed.  Nor is the billing for expert witness services, which Vigilant and Federal separately reimbursed in full.

Ericsson and Vicor, pursuant to which Vicor agreed to pay Ericsson the sum of $50 million.  Vicor and the insurers dispute the amount of the settlement that is properly allocated to the "loss of use" coverage of Vicor's policies, which was the principal issue tried to the jury and which remains to be retried in this court.  Vicor presently seeks to be reimbursed the additional $2,194,239.89 in legal fees that Vigilant and Federal refused to pay under the blended rate formula.

## DISCUSSION

Summary judgment is warranted where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "When an insurer seeks to defend its insured under a reservation of rights, and the insured is unwilling that the insurer do so, the insured may require the insurer either to relinquish its reservation of rights or relinquish its defense of the insured and reimburse the insured for its defense costs."  *Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co.,* 439 Mass. 387, 406-407 (2003).  "In such an instance, the insurer must pay the reasonable charges of the insured's retained counsel."  *N. Sec. Ins. Co., Inc. v. R.H. Realty Trust,* 78 Mass. App. Ct. 691, 695 (2011), citing *Magoun v. Liberty Mut. Ins. Co.,* 346 Mass 677, 685 (1964).

"What constitutes a reasonable [attorney's] fee is a question that is committed

to the sound discretion of the judge."[3] *Berman v. Linnane*, 434 Mass. 301, 302-303 (2001).   Judicial discretion in the making of a fee award is guided by several factors, including "the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." *Linthicum v. Archambault,* 379 Mass. 381, 388–389 (1979).   "No one factor is determinative, and a factor-by-factor analysis . . . is not required." *Berman,* 434 Mass at 303.

Vicor first contends that summary judgment on this issue is not appropriate because there are genuine disputes as to the material facts.   However, the parties agree on the salient facts underlying Vicor's reimbursement claim, including the nature of the Ericsson litigation, the amount of damages involved, the time and labor spent by Vicor's attorneys in mounting a defense, their usual billing rates, the resolution of the litigation, the rates that Vigilant and Federal actually paid, and the difference between what Vicor's attorneys billed and what the insurers reimbursed.   Vicor has not

---

[3] Vicor's insistence that the reasonableness of a fee reimbursement is a question of fact for the jury is puzzling.  The single authority cited by Vicor in support of this unconventional proposition, a federal district court decision, *Fraser & Wise, P.C. v. Primarily Primates, Inc.*, 966 F. Supp. 63, 79 (D. Mass. 1996), addressed the proper means of assigning a value to a quantum meruit claim award for an attorney's services. It did not address a contractual award of attorneys' fees.

identified any material fact that is truly in dispute.

Vicor next contends that the amount of the legal fees reimbursed by Vigilant and Federal was unreasonable because the insurer's choice of "blended" hourly rates was arbitrary and did not fully recognize the complexity of the case. This argument mistakenly inverts the burden of proof: "[i]t is obvious that the party claiming [attorneys' fees] has the burden of proving them, including the burden of proving whether the fees were in fact reasonable." *Liberty Mut. Ins. Co. v. Cont'l Cas. Co.*, 771 F.2d 579, 582 (1st Cir. 1985). Defendants do not have to prove that their reimbursement rate was reasonable; rather, Vicor has the burden of proving that its attorneys' rates were reasonable and appropriate.

In that regard, Vicor offers the declaration of Richard Zengilowski, Vicor's vice president (and also an attorney), who opines as to the reasonableness of Vicor's counsel's hourly rates. What is not adequately explained is the wild variations in these rates from a low of $160/hour to a high of $690/hour. While some of this is certainly explained by the differing levels of the attorneys' experience (particularly as between associates and partners), it is telling that Vicor's traditional counsel, Mirick, billed in a range of $160/hour to $260/hour (with one exception – Rogers, the lead attorney – who billed at $325/hour). Mirick also provided the leading oar in the Ericsson litigation, contributing 84% of the time billed in Vicor's defense. The insurers' blended

rate of $250/hour is at the upper end of the range of Mirick's actual billing rates.  There is no suggestion that Vicor was dissatisfied with Mirick's representation in the litigation, or with the outcome, or that the Paul Hastings attorneys made any exceptional contribution to the defense that would have warranted reimbursement at a higher blended rate.[4]  Under the circumstances, the court finds that the insurers' reimbursement hourly rates were reasonable and fairly compensated the attorneys for the value of the legal services rendered.

## ORDER

For the foregoing reasons, Vigilant and Federal's motion for summary judgment that they have discharged their duty to defend Vicor is <u>ALLOWED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

[4] No real argument is made that the concept of a blended rate itself is unreasonable.  In the court's experience, it is a common practice in insurance fee reimbursement cases.